(78 Misc. Rep. 156.)

### HOWATT v. BARRETT.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

1. CARRIERS (§ 197*)—MODIFICATION OF SHIPMENT—RESTORATION TO CONSIGNOR.

The modification of an interstate C. O. D. shipment so as to read "without C. O. D.," which was indorsed on the express receipt, not relieving the consignee from paying the express charges, did not entitle the contracting carrier, after having failed to either tender or deliver the goods to the consignee, to demand payment of the express charges back and forth as a condition to restoring the goods to the consignor.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 891–900; Dec. Dig. § 197.*]

2. CARRIERS (§ 175*)—INTERSTATE SHIPMENT—INITIAL CARRIER—LIABILITY FOR CONNECTING CARRIER.

In view of the Carmack amendment (Act June 29, 1906, c. 3591, 34 Stat. 595, § 7, pars. 11, 12 [U. S. Comp. St. Supp. 1911, p. 1307]) making the initial carrier liable for the acts of its connecting carrier, it was immaterial in such case that the failure to make proper delivery or tender was the fault of the connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 764, 765; Dec. Dig. § 175.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Michael E. Howatt against William H. Barrett, as President of the Adams Express Company. From a judgment for defendant, plaintiff appeals. Reversed, with directions.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

George A. Ferris, of New York City, for appellant.

Guthrie, Bangs & Van Sinderen, of New York City (Robert E. Palmer and Francis Dean, both of New York City, of counsel), for respondent.

GUY, J. Plaintiff sues to recover damages for breach of contract of carriage.

[1] On March 19, 1910, plaintiff shipped goods, valued by him at $44.50, C. O. D. to J. T. Saidy at Excelsior Springs, Mo., by the defendant, the Adams Express Company. On March 25, 1910, he modified the shipment to read, "Deliver to M. A. Saidy, Denver, Colo., without C. O. D.," which was indorsed on the express receipt. This did not relieve the consignee from the payment of the express charges, but only from payment of the value of the goods. The goods were never delivered or tendered to the consignee, but were returned to the plaintiff conditionally on his paying express charges back and forth, which were demanded by defendant and refused by plaintiff. The defendant company, having failed to perform its contract, was not entitled to demand payment of express charges.

[2] The defense was that the Wells Fargo Express Company is the only express company at Excelsior Springs, that both they and the defendant were gratuitous bailees, and defendant was not liable for the connecting carrier's error or nondelivery, if any. Under the Carmack amendment (34 U. S. Stat. at Large, 595, § 7, pars. 11, 12), a connecting carrier acts as agent for the initial carrier, which is made liable as if it itself had done the act complained of. The purpose of the Carmack amendment was to enable the shipper, in case of loss or damage to his goods to have recourse to the initial carrier, and leave the initial carrier to its recourse, for whatever damages it might have to pay to the connecting carrier doing the injury. If there is anything in the express receipt contrary to the Carmack amendment, it is invalid. De Winter & Co. v. Texan Central R. R. Co., 150 App. Div. 612, 616, 617, 135 N. Y. Supp. 893; Atlantic Coast Line R. R. Co. v. Riverside Mills, 219 U. S. 186, 194, 197, 199, 201, 203, 207, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7.

Judgment reversed, with costs, and judgment directed for the plaintiff in the sum of $49.90. All concur.